```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 17-CV-20269-SCOLA
                           MAGISTRATE JUDGE P.A. WHITE

EDWARD CHILDRESS,          :

     Petitioner,           :

v.                         :      REPORT OF
                                  MAGISTRATE JUDGE
JULIE L. JONES,            :

     Respondent.           :
_____
```

## I. Introduction

Edward Childress, who is presently confined at Union Correctional Institution in Raiford, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in case number F08-44267 from the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause with appendix of exhibits, and the petitioner's reply.

## II. Procedural History

The petitioner, along with four co-defendants, was charged with armed carjacking, attempted felony murder, robbery using a deadly weapon and possession of a firearm by a convicted felon. (DE# 13-2, p. 2-14). The charges arose out of the petitioner's

1

involvement in an armed carjacking that occurred on December 3, 2008 where he and four others planned to commit a robbery. The petitioner was the driver of the car as the group was discussing the robbery of a bar. Three of the five men were armed with firearms. They first planned to steal a car to drive to the site of the planned robbery, however they changed their plans when they came upon a vehicle they wanted to steal. Three men exited the backseat of the petitioner's vehicle and proceeded to steal the car and drive away. The three men who stole the car followed the petitioner. A short time later the petitioner's car was stopped by the police. The petitioner provided a sworn statement setting forth the facts of the offense. (DE# 14-1, p. 2-27). After the petitioner provided the sworn statement, an amended information was filed. The amended information added two charges, conspiracy to commit carjacking and conspiracy to commit armed robbery.

After the amended information was filed, the petitioner entered a guilty plea to one count of armed carjacking and one count of armed robbery. (DE# 13-2, p. 33-37). The remaining charges were dismissed by the state. The plea was accepted by the court and the petitioner was sentenced to ten years probation as a habitual violent offender. (DE# 13-2, p. 38-53).

As part of the plea agreement the petitioner was required to cooperate in the prosecution of his co-defendants. The petitioner acknowledged that he was required to testify truthfully and consistently with his prior sworn statement. He also understood that his intentional failure to appear for any statement, conference, deposition, hearing or trial as required by the state would constitute a violation of the agreement and his probation. If the petitioner violated his agreement he agreed to be sentenced to a minimum of fifteen years up to a maximum of thirty years. During

the plea colloquy the petitioner acknowledged his understanding of his obligations under the plea agreement. (DE# 14-1, p. 30-42). The written judgment of probation based on the plea agreement was entered on April 23, 2010. (DE# 13-2, p. 38).

The petitioner was deposed on May 21, 2010 by counsel for his co-defendants, Antwan McCray. (DE# 14-1, p. 44-71). On May 22, 2012 and affidavit of violation of probation was filed. (DE# 13-2, p. 55-58). An amended affidavit was filed on June 5, 2012. (DE# 13-2, p. 60-61). The affidavit alleged that the movant had violated his probation by failing to answer inquiries truthfully, referring specifically to inconsistencies between his sworn statement and his deposition testimony. The affidavit further alleged that the movant had failed to return phone calls from the State Attorney's Office, failed to appear at a deposition and stated that he did not want the state attorney office to harass his family anymore. The petitioner denied the allegations.

After an evidentiary hearing the trial court found that the petitioner willfully and substantially violated the terms of his probation by failing to cooperate with the prosecution, by failing to respond to the state attorney's attempts to set up meetings, by failing to answer questions truthfully and by failing to comply with the plea agreement by providing assistance in the prosecution of his co-defendants. As a result his probation was revoked and he was sentenced to twenty years imprisonment. (DE# 13-2, p. 74-75, DE# 13-2, p. 77-78).

On appeal the petitioner argued that the violation of probation was not supported by competent substantial evidence. The appellate court affirmed on January 21, 2015. <u>Childress v. State</u>, 160 So.3d 436 (Fla. 3d DCA 2015). The petitioner's motion for

rehearing was denied on February 16, 2015.

On February 8, 2016, the petitioner filed a pro se motion for post conviction relief. He raised the following claims:

1. Counsel was ineffective for failing to object and argue at the violation of probation hearing that service of the subpoena was untimely.

2. Counsel was ineffective for failing to have the petitioner interpret the meaning of his statements that were mistaken to be inconsistent.

3. Counsel was ineffective for failing to investigate and call witnesses who would have established that the movant was unaware of being subpoenaed.

4. Counsel was ineffective for advising the petitioner that the alleged violations would not be sufficient to support a prison sentence.

5. The cumulative effect of counsel's deficient performance prejudiced the petitioner.

On April 14, 2016, the motion was denied without an evidentiary hearing. The petitioner did not file a timely notice of appeal, however, on June 22, 2016, the petitioner filed a petition for belated appeal. The motion was granted and his appeal proceeded. The appellate court affirmed the denial of the motion on October 5, 2016. Childress v. State, 208 So.3d 712 (Fla. 3d DCA 2016). Mandate issued on October 31, 2016.

On December 7, 2016, the petitioner filed a petition for writ of habeas corpus in the appellate court alleging that appellate counsel rendered ineffective assistance by failing to argue that the trial court committed fundamental error in failing to properly swear in witnesses. The petition was denied on December 16, 2016. Childress v. State, 229 So.3d 343 (Fla. 3d DCA 2016).

The petitioner filed the instant petition on January 5, 2017.[1] He raises the following seven issues:

1. Counsel was ineffective for failing to object and argue at the violation of probation hearing that service of the subpoena was untimely.

2. Counsel was ineffective for failing to have the petitioner interpret the meaning of his statements that were mistaken to be inconsistent.

3. Counsel was ineffective for failing to investigate and call witnesses who would have established that the movant was unaware of being subpoenaed.

4. Counsel was ineffective for advising the petitioner that the alleged violations would not be sufficient to support a prison sentence.

5. The cumulative effect of counsel's deficient performance prejudiced the petitioner.

6. Appellate counsel was ineffective for failing to argue that the trial court committed fundamental error by failing to properly swear in the witnesses.

7. The order of violation of probation was not supported by competent substantial evidence.

### III. Statute of Limitations

The state properly concedes that the petition was filed timely.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to,

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head,

268 F.3d 1223, 1241 (11th Cir. 2001).

The petitioner raises several claims of ineffective assistance of counsel. The United States Supreme Court clearly established the law governing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. In the context of a guilty plea, the second prong of the Strickland test requires a showing that but for counsel's errors, the movant would not have pleaded guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim.  Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Combining AEDPA's habeas standard and Strickland's two-pronged test provides the relevant inquiry in this case.  To obtain habeas

7

relief, a petitioner must show the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002).

## V. Discussion

<u>Counsel's Failure to Argue that Subpoena was Untimely</u>

In his first claim the petitioner contends that counsel was ineffective for failing to argue that the subpoenas were untimely. He argues that under Florida law a subpoena must be served at least 5 days prior to the date of the witness's required appearance. He claims that if counsel had raised this argument the state court would not have considered the subpoenas, lessening the weight of the state's evidence of his probation violation.

This claim was raised in the petitioner's motion for post conviction relief. The state court denied the claim finding that petitioner had failed to establish that counsel was ineffective because the timing of the subpoenas was insignificant in considering if the petitioner was in compliance with his agreement to cooperate with the State Attorney's Office.

The state court's denial of this claim was not contrary to, or an unreasonable application of <u>Strickland</u>'s test for ineffective assistance of counsel. The state court found that the issue of the service of the subpoenas was not a significant factor in finding that the petitioner had failed to abide by his agreement to cooperate with the State Attorney's Office. At the probation violation hearing the court found the testimony of state's witnesses to be credible. (DE# 14-4, p. 75-76). The testimony presented by the state established that the petitioner had expressed that he did not want to be "harassed" by the State

Attorney and that he was done with the case. (DE# 14-4, p. 75-76). It was also established that the assigned assistant state attorney had attempted to call the petitioner and left messages requesting a return phone call. (DE# 14-4, p. 75). The petitioner never returned the phone calls. The evidence further established that the petitioner had provided inconsistent statements in a deposition, in further contravention of his plea agreement. (DE# 14-4, p. 71-75). This evidence was in addition to the evidence that a number of subpoenas had been delivered to the petitioner's home. It should be noted that in the transcript of the probation violation hearing, the trial court does not place any reliance upon the service of the subpoenas to support its finding of a willful and substantial violation of probation. (DE# 14-4, p. 69-80). Since the court did not rely upon the subpoenas in finding the petitioner in violation of his probation, the petitioner cannot establish that he was prejudiced. The state court properly applied <u>Strickland</u>'s prejudice prong in denying this claim, therefore this claim should be denied.

<u>Counsel's Failure to have Petitioner Interpret the Meaning of his Statements</u>

The petitioner next contends that counsel was ineffective for failing to allow him to interpret the meaning of his statements in the deposition that formed a basis of the finding that he had failed to testify truthfully and consistently with his prior sworn statement. He argues that if counsel had asked him to interpret his statements the court would have found they were not inconsistent and undermined a basis for his probation violation.

This claim was raised in the petitioner's motion for post conviction relief. The state court denied the claim finding that the petitioner could not show that counsel was ineffective. The court found that the question of the whether the deposition was

9

inconsistent with petitioner's sworn statement was determined by the trial court. The trial court had found the two statements to be inconsistent.

The state court properly applied <u>Strickland</u> to find the petitioner had failed to establish that counsel was ineffective. The question of whether the two statements contained inconsistencies was one of the subjects of the probation violation hearing. The trial court had both the petitioner's sworn statement and the deposition testimony available for consideration of this issue. At the hearing, counsel questioned the detective about the alleged discrepancies. (DE# 14-3, p. 38-48). In so doing he raised essentially the same points that the petitioner claims should have been raised through his own testimony. However, despite counsel's best efforts to minimize the petitioner's inconsistent statements, the court, as the finder of fact, determined that there were numerous inconsistencies between the sworn statement and the deposition testimony. The court's finding that the trial court had made a proper determination of inconsistency is based on a reasonable application of the facts. The court's ruling that the petitioner had not established prejudice was not contrary to, or an unreasonable application of <u>Strickland</u>. This claim should be denied.

<u>Counsel's Failure to Call Witnesses to Establish that the Petitioner was Unaware he had been Subpoenaed</u>

The petitioner next argues that counsel was ineffective for failing to call witnesses who would establish that he was unaware that he had been subpoenaed. He claims that counsel should have called his mother and his fiancé. He claims his fiancé would have testified that she was contacted by a man who said the petitioner had to contact him but that she failed to relay that information to

the petitioner. He alleges his mother would have testified that she saw some papers stuck to the door but threw them away. He contends that if these two witnesses had testified the court would not have found that he willfully violated his probation.

This claim was raised in the petitioner's motion for post conviction relief. The trial court denied the claim finding that these witnesses would only have shown that the petitioner was unaware of the subpoenas. The trial court noted that the other evidence was more than sufficient, without the subpoenas, to establish a willful violation of the plea agreement.

As was discussed above regarding the petitioner's first claim, the service of the subpoenas was an insignificant part of the finding that the petitioner violated his probation by failing to cooperate with the State Attorney's Office as required by his plea agreement. This claim is premised on the petitioner's alleged lack of knowledge of the subpoenas. However, since their was otherwise sufficient evidence of the petitioner's willful and substantial violation of the terms of the plea agreement, any challenge to the subpoenas would not have altered the outcome of the probation violation hearing. This claim should be denied as the state court properly found under <u>Strickland</u> that the petitioner could not establish prejudice and the lack of prejudice finding was based on reasonable factual findings.

<u>Counsel's Advice Regarding Outcome of Probation Violation Hearing</u>

The petitioner next contends that counsel was ineffective for advising him that the violations would not be enough to go to prison. He alleges the state had offered him a sentence of eight years in exchange for admitting to probation violations. He argues that if he would have accepted the state's offer had he been

11

properly advised.

This claim was raised in the motion for post conviction relief. The court noted that the petitioner had been advised of the minimum and maximum sentences he faced at the time he entered his initial plea. The petitioner was further advised of the potential penalties at the start of the probation violation hearing. The court denied the claim finding that it was refuted by the record.

This claim was properly found to be refuted by the record. Prior to accepting the petitioner's plea it was explained that if he violated his probation he could be sentenced to a minimum of 15 years up to a maximum of 30 years. The petitioner had acknowledged his understanding of the terms of the plea agreement. Prior to the start of the probation violation hearing, the court inquired if there had been any plea offers. At the time of the hearing the state was offering 15 years, as a prior offer of 10 years had been rejected. During these discussions, the court made it clear to the petitioner that if he were to be found in violation of his probation he would be sentenced to as much as thirty years. The petitioner expressed that he had discussed the case with his counsel but wished to proceed with the hearing. The court found that based on the colloquy regarding the potential sentence, the petitioner could not argue that he was unaware that he would face a lengthy prison sentence if found in violation of his probation.

The state court properly found this claim was refuted by the record. The record supports the court's finding that the petitioner was advised of the potential sentence he faced should he be found in violation of probation. The claim that the petitioner was not aware of the potential sentence is clearly refuted by the record

and should be denied.[2]

<u>Cumulative Effect of Counsel's Alleged Deficient Performance</u>

The petitioner contends that the cumulative effect of counsel's alleged deficient performance denied him his right to counsel. He contends that he was prejudiced because he was denied a fair trial.

Since none of the claims raised in the motion establish ineffective assistance of counsel there can be no cumulative effect from the alleged ineffective assistance of counsel. <u>See</u> <u>United States v. Barshov</u>, 733 F.2d 842, 852 (11th Cir.1984) ("Without harmful errors, there can be no cumulative effect compelling reversal."); <u>Mullen v. Blackburn</u>, 808 F.2d 1143, 1147 (5th Cir.1987) ("Mullen cites no authority in support of his assertion, which, if adopted, would encourage habeas petitioners to multiply claims endlessly in the hope that, by advancing a sufficient number of claims, they could obtain relief even if none of these had any merit. We receive enough meritless habeas claims as it is; we decline to adopt a rule that would have the effect of soliciting more and has nothing else to recommend it. Twenty times zero equals zero."); <u>United States v. Rivera</u>, 900 F.2d 1462, 1471 (10th Cir.1990) ("[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors."). Therefore, in the absence of any individual instance of ineffective assistance of counsel, the movant's claim of cumulative effect from counsel's performance should be denied.

---

[2] To the extent that the petitioner is arguing that counsel advised him that he would prevail in the probation violation hearing, he has merely presented a conclusory allegation, devoid any support in the record. In the absence of any specific allegation regarding what counsel advised the petitioner, this claim is insufficient to warrant relief.

13

Appellate Counsel's Failure to Argue Witnesses not Properly Sworn

The petitioner next contends that appellate counsel was ineffective for failing to raise on appeal that the trial court committed fundamental error in failing to properly swear in the witnesses. He points out that the transcript of the probation violation hearing reflects that the witnesses were "called as a witness, and after being duly sworn; testified as follows." He contends that this record is insufficient to show that the witnesses were properly sworn.

This claim was raised in the state petition for habeas corpus before the appellate court. That court denied the claim without a written opinion. The state court properly denied this claim as the record adequately reflects that the witnesses were sworn prior to giving testimony. Both the transcript and the clerk's docket notes indicate as much. (DE# 13-1, p. 89). This claim requires no further discussion as it is completely without merit.

Violation of Probation not Supported by Competent Substantial Evidence

In his final claim the petitioner contends the violation of probation finding by the court was not supported by competent substantial evidence. This claim was presented in the direct appeal of the order revoking probation. The appellate court per curiam affirmed the revocation without a written opinion.

In considering the evidence necessary to support a revocation of probation there is no requirement to prove beyond a reasonable doubt that the defendant committed the alleged acts. United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991). "[A]ll that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the

14

conditions of probation." United States v. Rice, 671 F.2d 455, 459 (11th Cir. 1982).

Here the state presented ample evidence to satisfy the court that petitioner's conduct did not satisfy the conditions of his probation. The state addressed the petitioner's inconsistent statements, presenting the testimony of the detective who took the petitioner's initial sworn statement. The detective explained how the initial sworn statement and the petitioner's deposition differed. The state also presented the testimony of the state attorney who expressed his concern that the petitioner had made statements in his deposition that were inconsistent with his sworn statement. Both the sworn statement and the deposition transcript were introduced into evidence for consideration of the court. After comparing the two statements the court made a factual determination that the two statements were inconsistent.

The state also addressed the petitioner's lack of cooperation. The state presented the testimony of a process server who tried on several occasions to serve a subpoena on the petitioner at his home. The process server left two subpoenas at the petitioner's home and noted on subsequent visits that the subpoenas had been removed. He also testified that he served a subpoena, by substitute service, on the petitioner's fiancé. The state also presented testimony from a witness coordinator who actually spoke to the petitioner and advised him that he needed to speak with the assistant state attorney. The petitioner advised the coordinator that he was done with the case and did not want to be harassed by the State Attorney's Office. Additionally the assistant state attorney assigned to the prosecution of the codefendants testified that he made at least four calls to the petitioner. He left two messages requesting that the petitioner return his calls. The

petitioner did not respond to these messages. All of these witnesses were found to be credible.

Based on this evidence the state court found the petitioner had failed to abide by the conditions of his probation. The court found that the petitioner was required as conditions of his plea agreement to answer inquiries truthfully, cooperate with the state attorney for preparation for court and comply with his plea agreement. The court reviewed the plea agreement and found that the terms of the plea agreement had been explained to the petitioner, noting that the petitioner gave his sworn statement to police two days before entering the plea agreement. In the plea agreement the petitioner admitted to his guilt in planning the robbery with the four codefendants, admitted he was in the vehicle and that Antwan McCray knew all about the plan. The court then notes that at the deposition taken by McCray's lawyer "the first words out of [the petitioner's] mouth" when the attorney said he got a good deal were, "I wouldn't say that, because I ain't did shit. I just took it to be home with my family." (DE# 14-4, p. 72). When asked if he was innocent of the charges, the petitioner responded, "Yes." The court finds that these statements are "a complete contradiction within moments of the deposition beginning." (DE# 14-4, p. 72). (DE# 14-4, p. 72). The court then continued pointing out additional inconsistencies. The court found that in his sworn statement the petitioner admitted to being involved in the planning, but at the at the deposition he stated that he did not know whose idea it was and that he only agreed to drive. The court further notes that during the deposition the petitioner "when asked about [McCray]'s role, he basically keeps saying, 'he didn't' do anything.'" (DE# 14-4, p. 74). The court found this to be inconsistent with his sworn statement that McCray was part of the conspiracy. Finally, the court noted that in the deposition the petitioner attempted to

claim that he and McCray had withdrawn from the conspiracy prior to the robbery being committed.

The court also specifically found credible the testimony of the assistant state attorney regarding his attempts to call and leave messages with the petitioner. (DE# 14-4, p. 75). The court also noted the testimony of the witness coordinator was credible as to the petitioner's statement that he did not want to deal with the case or be harassed by the State Attorney's Office. (DE# 14-4, p. 76).

Based on the totality of the evidence, the court found that the state had met its burden of showing that the defendant failed to comply with the instructions by failing to abide by the conditions of his probation. The court specifically found the petitioner failed to cooperate with the state attorney and failed to answer inquiries truthfully. The court noted that "even if the only violation was the failure to comply with the written plea agreement . . . the court would find that one violation was sufficient and substantial." Since the evidence submitted to the court was sufficient to reasonably satisfy the court that the petitioner had not complied with the conditions of his probation there is no error and this claim should be denied.

## VI. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of

appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If either party objects to the denial of a certificate of appealability, that party may raise such objection with the District Judge.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied, that no Certificate of Appealability issue and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 2nd day of April, 2018.

UNITED STATES MAGISTRATE JUDGE

cc:     Edward Childress
        195948
        Union Correctional Institution
        P.O. Box 1000
        Raiford, FL 32083
        PRO SE

        Kayla Heather McNab
        Office of the Attorney General
        One SE Third Avenue, Suite 900
        Miami, FL 33131